FILED ____ LODC
RECEIVED ____ COPY

JAN 1 3 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sammye A. Richardson, | No. 03-CV-549-TUC-FRZ |
| Plaintiff, | **ORDER** |
| vs. | |
| Judge Oliver Wanger, et al., | |
| Defendants. | |

This Order addresses the collection of documents Plaintiff Sammye A. Richardson, who is appearing pro se in this case, has filed with the Court.

### Background

On October 30, 2003, Plaintiff Sammye A. Richardson filed a motion to proceed in forma pauperis in this action. She subsequently withdrew that motion on December 9, 2003, and paid the required filing fee.

On October 30, 2003, Richardson filed a verified complaint. On October 31, 2003, Richardson filed an amended verified complaint. On November 3, 2003, Richardson filed a "verified compliant [sic] subject to claim of unconstitutionality." On November 13, 2003, Richardson filed a motion for leave to amend the amended complaint and lodged another amended complaint. On December 8, 2003, Richardson filed a "Request to Supplement the Proposed Affidavit and Attachments and Consolidate all Matters under Federal Jurisdiction." On December 11, 2003, Richardson filed a "Motion for leave to amend and File Final Complaint With Summons."

On December 19, 2003, Richardson filed a motion for "Permission to file Proposed Motion to expunge the record." On December 21, 2003, Richardson filed a "Verified memorandum *in support of Notice and Motion for Appeal and Jurisdiction dispute*." Also on December 21, Richardson filed a "Status hearing request to address Legal/Ethical Grounds for Jurisdiction/Consolidation of Related Superior Court cases."

## Discussion

### A. The December 11, 2003 "Motion for leave to amend and File Final Complaint With Summons."

#### 1. The motion for leave to amend.

The Court has the discretion to grant or deny a request to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222, 226 (1962); *Pierce v. Multnomah County, Or.*, 76 F.3d 1032, 1043 (9th Cir. 1996). Leave to file an amended complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see Foman*, 371 U.S. at 182, 83 S. Ct. at 230.

In exercising its discretion, the Court is guided by the policy behind Rule 15, Fed. R. Civ. P.: "'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)). That policy "should be applied with 'extreme liberality,'" especially when pro se litigants are involved. *Id.* (quoting *Webb*, 655 F.2d at 979). In addition, the Court should consider whether there has been undue delay or bad faith by the movant, "undue prejudice to the opposing party," "repeated failure to cure deficiencies," or "futility of amendment." *Foman*, 371 U.S. at 182, 83 S. Ct. at 230; *see also Pierce*, 76 F.3d at 1043.

The Court does not find that Richardson has acted in bad faith or with undue delay. Nor does the Court find any prejudice to Defendants, given the fact that Defendants have not yet filed an answer to Richardson's prior complaints. In addition, although Richardson has filed multiple amendments to her complaint, she has not been informed of the deficiencies in her pleadings. Finally, it is not clear, at this point, that amending the complaint would be

futile. Thus, the Court, in its discretion, will grant the December 11, 2003 motion for leave to amend.

### 2. The Complaint attached to the December 11, 2003 motion for leave to amend.

In reviewing the eighty-nine page Complaint attached to the December 11, 2003 motion for leave to amend (the December 11, 2003 Complaint), the Court notes that it does not comply with Rule 8(a) and (e) of the Federal Rules of Civil Procedure.

A district court may sua sponte dismiss a complaint, under Rule 41(b) of the Federal Rules of Civil Procedure, "based on a plaintiff's failure to file a *short and plain* complaint stating the court's basis for jurisdiction and the basis for relief as required by [Rule 8(a)]." *Moore v. United States*, 193 F.R.D. 647, 650-51 (N.D. Cal. 2000) (emphasis added). *See also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b).")

Rule 8(a), Fed. R. Civ. P., states, in relevant part:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Rule 8(e)(1), Fed. R. Civ. P., further provides that "[e]ach averment of a pleading shall be simple, concise, and direct."

Although the allegations of a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972), Richardson's December 11, 2003 Complaint does not comply with Rule 8(a) and (e). *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("[P]ro se litigants are bound by the rules of procedure.").

Richardson's December 11, 2003 Complaint fails to provide "a short and plain statement of the claim" as required by Rule 8(a). Instead of presenting "simple, concise, and direct" averments as required by Rule 8(e)(1), Richardson's December 11, 2003 Complaint is "so verbose, confused and redundant that its true substance, if any, is well disguised." *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965). Richardson's allegations do not "give the [D]efendant[s] fair notice of what the [P]laintiff's claim is and the grounds upon which it rests" as required by the Federal Rules of Civil Procedure. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 1163, 122 L. Ed. 2d 517 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). Finally, the requirement to file a short and plain statement applies, notwithstanding any heightened pleading requirement under Rule 9, Fed. R. Civ. P., where, as here, "the very prolixity of the complaint ma[kes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

Although Plaintiff's December 11, 2003 Complaint does not comply with Rule 8(a) and (e), "[a] pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Although Richardson's December 11, 2003 Complaint is her fifth effort at creating a complaint in this case, Richardson has not been given an opportunity to correct her noncompliance with Rule 8(a) and (e). The Court, therefore, will give her one, **and only one**, final opportunity to do so.

Thus, the Court will dismiss Richardson's December 11, 2003 Complaint without prejudice and with leave to amend with a complaint that complies with Rule 8(a) and (e). If Richardson files an amended complaint that does not comply with Rule 8(a) and (e), or fails to timely file an amended complaint, the Court will dismiss the case pursuant to Rule 41(b), Fed. R. Civ. P., without further notice to Richardson and without further opportunity

to amend. Finally, if Richardson files an amended complaint, she shall not thereafter file future amended complaints, shall not file "corrections" to the amended complaint, and shall not file "supplements" to the amended complaint.

### B.  The November 13, 2003 motion for leave to amend.

The Court will deny as moot the November 13, 2003 motion for leave to amend because the Court is granting Richardson's December 11, 2003 motion to amend. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").

### C.  The December 8, 2003 "Request to Supplement the Proposed Affidavit and Attachment and Consolidate all Matters under Federal Jurisdiction."

The Court will deny the December 8, 2003 "Request to Supplement the Proposed Affidavit and Attachments and Consolidate all Matters under Federal Jurisdiction." To the extent the Court understands this convoluted document, it appears that Richardson wants this Court to transfer civil and bankruptcy cases pending in federal courts in California to this Court and consolidate them with this case. First, a request to transfer cases should be directed to the courts that currently possess the cases, not the court that would receive them. Thus, any requests to transfer cases should be presented in the courts where the cases are currently pending, not this Court. Second, this Court has no authority to consolidate this case with actions pending in other jurisdictions. *See Swindell-Dressler Corp. v. Dumbauld*, 308 F.2d 267, 273 (3rd Cir. 1962); *Silver v. Goodman*, 234 F. Supp. 415, 416 (D. Conn. 1964).

### D.  December 19, 2003 motion for "Permission to file Proposed Motion to expunge the record."

The Court will deny Richardson's December 19, 2003 motion for "Permission to file Proposed Motion the expunge the record." In this document, Richardson appears to request that the Court "expunge the attached moot order enjoining 100 properties." Richardson does

not attach the "moot order," but notes that it "will be presented in a sealed envelope upon Court approval to view order in 'Camera's eye'." Although Richardson claims that "it is permissible to bring an action for expungement as part of a post-petition action or as a civil rights claim," she has provided no authority for this statement. Nor can this Court ascertain from the document why it would be appropriate for this Court to interfere with orders issued by other judges in other actions in other jurisdictions.

E.     **December 21, 2003 "Verified Memorandum** *in support of Notice and Motion for Appeal and Jurisdiction dispute."*

The Court will deny Richardson's December 21, 2003 "Verified Memorandum *in support of Notice and Motion for Appeal and Jurisdiction dispute.*" This Court is not an appellate court. Nor has Richardson provided authority for this Court having jurisdiction over appeals from bankruptcy court actions in other Districts. And, as previously explained, this Court does not have the authority to consolidate the current case with cases from other jurisdictions. Finally, as previously explained, a request to transfer cases to this jurisdiction is not properly filed here.

F.     **December 21, 2003 "Status Hearing Request."**

The Court will deny Richardson's December 21, 2003 "Status hearing request to address Legal/Ethical Grounds for Jurisdiction/Consolidation of Related Superior Court cases." There is simply no basis for a status hearing in the current case in light of the fact that the Court is dismissing the complaint (without prejudice and with leave to amend) and none of the defendants has filed a responsive pleading in this litigation. In addition, the Court has not been presented with any motion regarding the consolidation of cases arising in the Superior Courts of Arizona or with any authority for consolidating such cases with the current, dismissed case.

Finally, the Court notes that Richardson appears to want to consolidate all litigation against her, or initiated by her, in a single court. She contends that there are "approximately 3 dozen cases in three dozen venues and at least a dozen court rooms." Richardson has provided no authority for consolidating this mass of litigation in this Court.

**G.  Other Issues.**

The Court notes that the documents that Richardson has filed with the Court egregiously fail to comply with the Rules of Practice for the United States District Court for the District of Arizona (the Local Rules). Any future documents that Richardson may file must comply with the Local Rules, specifically the formatting requirements of Local Rule 1.9 and the length of motions requirement of Local Rule 1.10. Failure to do so may result in the Court striking the offending document and dismissing the case with prejudice. *See* Fed. R. Civ. P. 41(b).

The Court will direct the Clerk of the Court to provide Richardson with a copy of the Local Rules.

## Conclusion

In light of the foregoing,

**IT IS ORDERED** that

A.  Plaintiff's November 13, 2003 motion for leave to amend (U.S.D.C. document #6) is **DENIED AS MOOT**.

B.  Plaintiff's December 8, 2003 "Request to Supplement the Proposed Affidavit and Attachments and Consolidate all Matters under Federal Jurisdiction" (U.S.D.C. document #9) is **DENIED**.

C.  Plaintiff's December 19, 2003 motion for "Permission to file Proposed Motion the expunge the record" (U.S.D.C. document #15) is **DENIED**.

D.  Plaintiff's December 21, 2003 "Verified memorandum *in support of Notice and motion for Appeal and Jurisdiction dispute*" (U.S.D.C. document #16) is **DENIED**.

E.  Plaintiff's December 21, 2003 "Status hearing request" (U.S.D.C. document #17) is **DENIED**.

|   |   |
|---|---|
| 1 | **IT IS FURTHER ORDERED** that Plaintiff's December 11, 2003 "Motion for leave to amend and File Final Complaint With Summons" (U.S.D.C. document #13) is **GRANTED**. |

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE WITH LEAVE TO AMEND** for failure to comply with Rule 8(a) and (e) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff is given leave to file **ONE** amended complaint that complies with Rule 8(a) and (e) of the Federal Rules of Civil Procedure **on or before January 30, 2004**. Once Plaintiff has filed that amended complaint, she **shall not** file future amended complaints, **shall not** file "corrections" to the amended complaint, and **shall not** file "supplements" to the amended complaint. **If Plaintiff's amended complaint fails to comply with Rule 8(a) and (e) of the Federal Rules of Civil Procedure, it shall be dismissed without further notice to Plaintiff.**

**IT IS FURTHER ORDERED** that Plaintiff is directed to **REVIEW AND COMPLY** with the Rules of Practice for the United States District Court for the District of Arizona (the Local Rules) in the filing of all future documents. **Failure to do so may result in the noncompliant document being stricken and the Court dismissing the case with prejudice.**

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to **FILE**

    A.    The amended complaint attached to the December 11, 2003 motion for leave to amend (U.S.D.C. document #13).

    B.    The two (2) lodged Return of Services dated December 19, 2003.

    C.    The lodged Notice of Special Appearance dated December 22, 2003.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SEND** a copy of this Order **VIA FACSIMILE** to Paul Harter, Esq., at 602-256-0432.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to **SEND** Plaintiff a copy of the Rules of Practice for the United States District Court for the District of Arizona (the Local Rules).

DATED this 12th day of January, 2004.

Frank R. Zapata
United States District Judge