

1

2

3

4

5

6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE DISTRICT OF ARIZONA

8

9  Sammye A. Richardson,                    )   No. 03-CV-549-TUC-FRZ
                                            )
10              Plaintiff,                   )   **ORDER**
                                            )
11  vs.                                      )
                                            )
12  Judge Oliver Wanger, et al.,             )
                                            )
13              Defendants.                  )
   _____ )

14

15      This Order addresses the collection of documents filed with the Court after the Court

16  issued its January 13, 2004 Order.

17

18                          **Background**

19      On January 13, 2004, the Court issued an Order granting Richardson's December 11,

20  2003 "Motion for leave to amend and File Final Complaint With Summons." However, the

21  Court dismissed the case without prejudice and with leave to amend because the amended

22  complaint, which was attached to the December 11, 2003 motion, failed to comply with Rule

23  8(a) and (e) of the Federal Rules of Civil Procedure. The Court granted Richardson leave

24  to file "**ONE** amended complaint that complies with Rule 8(a) and (e) of the Federal Rules

25  of Civil Procedure **on or before January 30, 2004**." The Court warned Richardson that her

26  case would be dismissed without further notice if the amended complaint did not comply

27  with Rule 8(a) and (e). The Court also instructed Richardson that, once she had filed her

28  amended complaint, she "**shall not** file future amended complaints, **shall not** file



1   'corrections' to the amended complaint, and **shall not** file 'supplements' to the amended
2   complaint."

3      In the January 13, 2004 Order, the Court also informed Richardson that the documents
4   that she had filed with the Court did not comply with the Rules of Practice for the United
5   States District Court for the District of Arizona (the Local Rules).   The Court directed
6   Richardson to review and comply with the Local Rules.  The Court further informed her that
7   the Court could strike future filings that did not comply with the Local Rules and, ultimately,
8   dismiss the case for her failure to comply with the Court's orders.

9      Richardson has disregarded the Court's January 13, 2004 Order.  Rather than filing
10  **one** amended complaint for the Court to review for compliance with Rule 8(a) and (e), Fed.
11  R. Civ. P., Richardson has filed a multitude of documents.  In this Order, the Court will
12  address these documents, as well as the variety of motions that the Defendants have filed.

13

14  **Discussion**

15  **A.  The Amended Complaint**

16     On February 20, 2004, Richardson lodged a document entitled "First Amended
17  Complaint."  The Court will review this document to determine if it complies with Rule 8(a)
18  and (e) of the Federal Rules of Civil Procedure.[1]

19

20    [1]On January 15, 2004, Richardson filed a "Final Informal Complaint." In subsequent
21  filings, Richardson alleged that she had not seen the Court's January 13, 2004 Order when
    she filed the "Final Informal Complaint." On February 17, 2004, Richardson lodged a "First
22  Amended Complaint." On February 20, 2004, she lodged a one-page document that appears
23  to notify the Court of "typing errors and corrections" to the February 17, 2004 "First
    Amended Complaint." The "First Amended Complaint" that Richardson lodged on February
24  20, 2004, appears to incorporate the corrections from her one-page document.
      Based on Richardson's February 19, 2004 "Clarification re: January 13, 2004 Order
25  and Subsequent Attempt at Compliance," it appears that the February 20, 2004 "First
26  Amended Complaint" is Richardson's attempt to comply with the Court's January 13, 2004
    Order.  Thus, the Court will consider that document and not the January 15 "Final Informal
27  Complaint" or the February 17 "First Amended Complaint." *See Loux v. Rhay*, 375 F.2d 55,
28  57 (9th Cir.1967) ("The amended complaint supersedes the original, the latter being treated

1   Richardson's February 20, 2004 "First Amended Complaint" does not comply with
2   Rule 8(a) and (e) of the Federal Rules of Civil Procedure.  Attached to the twenty-three page
3   "First Amended Complaint" is a one-hundred-and-thirty-six page document entitled "For the
4   Record: December 11, 2004 Complaint as the Foundation for February 17, 2004 First
5   Amended Complaint in Compliance with Jan. 13.2004 Court Order."   The combined
6   document in no way resembles a complaint that complies with Rule 8(a) and (e).  But even
7   without its lengthy attachment, the twenty-three page "First Amended Complaint" fails to
8   comply with Rule 8(a) and (e).

9   Like the prior iterations of Richardson's Complaint, Richardson's February 20, 2004
10  "First Amended Complaint" fails to provide "a short and plain statement of the claim" as
11  required by Rule 8(a)(2).  Instead of presenting "simple, concise, and direct" averments as
12  required by Rule 8(e)(1), Richardson's February 20, 2004 "First Amended Complaint" is "so
13  verbose, confused and redundant that its true substance, if any, is well disguised." *Corcoran*
14  *v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965).  Richardson's allegations do not "give the
15  [D]efendant[s] fair notice of what the [P]laintiff's claim is and the grounds upon which it
16  rests" as required by the Federal Rules of Civil Procedure. *Leatherman v. Tarrant County*
17  *Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 1163, 122
18  L. Ed. 2d 517 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed.
19  2d 80 (1957)).  Her "Statement of the Case" and "Corrected Copy [of the] Statement of the
20  Case," both of which were filed on March 15, 2004, do not aid her attempt to comply with
21  Rule 8(a) and (e).

22

23  _____

thereafter as non-existent.").
24      Richardson's January 20, 2004 "Motion & Declaration for Leave to Amend Formal
25  Complaint and 'Stay' all Transactions; Daily Losses; Damages and All Resultant
    Implications: with Proposed Order; with Request for Status Conference" is moot because that
26  motion relates to the January 15, 2004 "Final Informal Complaint" that was superseded by
27  Richardson's February 20, 2004 "First Amended Complaint."  To the extent that motion
    seeks a stay of other proceedings or a status conference, it is denied.
28

1    Counting liberally, Richardson's February 20, 2004 "First Amended Complaint" is
2    her *seventh* attempt at creating a complaint in this case. It is no closer to a comprehensible
3    document than its predecessors. It is absolutely clear that future opportunities to comply with
4    Rule 8(a) and (e) would be futile. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)
5    ("A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely
6    clear that the deficiencies of the complaint could not be cured by amendment.'" (quoting
7    *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980))).

8        In light of Richardson's failure to comply with Rule 8(a) and (e), even after the Court
9    provided her with notice of her deficiency and an opportunity to cure the defect, **the Court**
10   **will dismiss Richardson's case against the Defendants**. The Court will grant Defendants'
11   motions to dismiss to the extent they seek dismissal under Rule 8; in all other regards, they
12   will be denied as moot.

13

14   **B.    Discovery Issues**
15       Richardson's discovery requests, whether they are in the form of interrogatories or
16   "Notice[s] of discovery invoking Arizona Rules of Practise in the District Court under Rule
17   1.2(a)(2) Pursuant to 26(a)(1)-3 governing Discovery," are moot because the Court is
18   dismissing this case. Moreover, they were premature. *See* Fed. R. Civ. P. 26(d) ("Except in
19   categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when
20   authorized under these rules or by order or agreement of the parties, *a party may not seek*
21   *discovery from any source before the parties have conferred as required by Rule 26(f)*.")
22   (emphasis added).
23
24       Defendants are not required to respond to Richardson's discovery requests. The Court
25   will deny as moot Defendants' motions related to Richardson's discovery requests.
26   . . . .
27   . . . .
28   . . . .

- 4 -

1

**C.     Motion to Certify and Motion to Intervene**

2      On January 15, 2004, Richardson filed a "Notice of Motion and Motion to Challenge

3   Constitutionality, and Demand 'Stay' on all Jurisdictional Acts Invoking Unconstitutionality

4   Claim." On January 22, 2004, Richardson filed an "Amended Notice of Motion and Motion

5   to Challenge Constitutionality, and Demand 'Stay' on all Jurisdictional Acts Invoking

6   Unconstitutionality Claim." On February 6, 2004, Richardson filed a document partially

7   entitled "Request for 2nd Amendment; Notice of Motion."[2]

8      The January 22, 2004 amended document supersedes the January 15, 2004 document.

9   *See Hal Roach Studios, Inc. v. Richard Feiner and Co, Inc.*, 896 F.2d 1542, 1546 (9th Cir.

10  1990) ("[A]n amended pleading supersedes the original."); *Bullen v. De Bretteville*, 239 F.2d

11  824, 833 (9th Cir. 1956) ("[A]n amended pleading supersedes the original, the latter being

12  treated thereafter as non-existent."). Thus, the Court will deny as superseded the January 15,

13  2004 document. Similarly, the February 6, 2004 document supersedes the January 22, 2004

14  document. *Id.* Thus, the Court will deny as superseded the January 22 document. The

15  Court, therefore, will only consider the February 6, 2004 "Request for 2nd Amendment;

16  Notice of Motion."

17      To the extent the Court understands the convoluted February 6, 2004 "Request for 2nd

18  Amendment; Notice of Motion," it appears that Richardson is requesting that the Court

19  permit other individuals (including her relatives, her corporate "entities," and "other private

20  parties) to intervene in this action. It also appears that Richardson is requesting that the

21  _____

22      [2]The full title of the motion, without alteration, is: "Request for 2nd Amendment;
23  NOTICE OF MOTION and United States) MOTIONFORINTERVENTION exrelatione
    (OFRIGINAL: Sammye A. Richardson (in judicial mode); 28USC.530B, 2403; (Movant)
24  FRCP2 4(a) (c) NOTICE OF MOTION AND MOTION TO CERYIFY: NON-
    JURISDICTIONAL ACTS INVOKING 28 U.S.C. §§ 451, pursuant to 28 U.S.C. §§ 2403
25  (a) (b); Unconstitution ality Claims for Acts of Congress, State of Calif. & AZ., & for Fed.
26  agency Fraud by Fed. employees pursuant to violation of Civil Asset Forfeiture Reform Act
    of 2000 (HR 1658). Pub.L. No. 106-185, 106th Cong. (2000) and Bankruptcy court
27  violations under Title 18 section 151 and 152 is drawn into question. Justifying 'STAY' on
28  Quo warranto unconstitutional acts against ex relaione, Qui tam, aggrieved movant."

Court, pursuant to 28 U.S.C. § 2403, certify to the United States Attorney General and the Attorney General of Arizona and/or California that this case "draw[s] in question" the constitutionality of an Act of Congress and/or an Arizona and/or California statute.

Because the Court is dismissing this lawsuit, these requests are moot.

Moreover, 28 U.S.C. § 2403 is inapplicable.  Section 2403(a) applies when "the United States or any agency, officer or employee thereof is *not* a party." (Emphasis added.) Section 2403(b) applies when "a State or any agency, officer or employee thereof is *not* a party." (Emphasis added.)   Richardson's February 20, 2004 "First Amended Complaint" lists as defendants the "State of California & Arizona" and the "Eastern District of Fresno California . . . by named agents>employees>agencies>departments of the Federal Government."

Finally, to the extent Richardson's February 6, 2004 "Request for 2nd Amendment; Notice of Motion" requests a stay of other proceedings, that request is also denied.

**D.     "Rule 2.23 – Removal to Federal Court, with Affirmative Statement."**

On January 15, 2004, Richardson filed a document entitled "Rule 2.23 – Removal to Federal Court, with Affirmative Statement."   On January 22, 2004, Richardson filed an "Amended Rule 2.23 – Removal to Federal Court, with Affirmative Statement."

The Court will deny as superseded the January 15, 2004 document and will only consider the January 22, 2004 document. *See Hal Roach Studios, Inc.*, 896 F.2d at 1546; *Bullen*, 239 F.2d at 833

In her January 22, 2004 "Amended Rule 2.23 – Removal to Federal Court, with Affirmative Statement," Richards states that she is a "named defendant, intervener, victim, claimant and cross-claimant" in four cases arising in the Superior Court of Pima County, Arizona, and requests that the cases be removed to this Court "in the interest of Judicial expediency."

1    Local Rule 2.23 requires that a defendant who is seeking to remove a civil action from

2    the state court file with **this** Court, "all pleadings filed by all parties with the state court prior

3    to the notice of removal."  Richardson has failed to do this.  Thus, it is impossible to tell

4    whether Richardson is a plaintiff, defendant, intervener, claimant, or cross-claimant in each

5    of the four superior court actions.  This is relevant because generally only a defendant may

6    remove a civil action from the state court.  *See* 28 U.S.C. § 1441(a) ("[A]ny civil action

7    brought in a State court of which the district courts of the United States have original

8    jurisdiction, may be removed *by the defendant or defendants* . . . .") (emphasis added); Local

9    Rule 2.23 ("*A defendant or defendants* desiring to remove any civil action . . . from a state

10   court shall file with the Clerk of Court a Notice of Removal . . . .") (emphasis added).  And

11   the absence of the superior court pleadings prevents the Court from determining whether any

12   of the state court actions fall within the exception in 28 U.S.C. § 1452(a) to the general rule.

13   In addition, the absence of the superior court pleadings prevents the Court determining the

14   nature of the four actions.  This is relevant because, even if Richardson was a defendant in

15   any of the four state court actions, her status as a citizen of Arizona[3] precludes her from

16   removing a state court action unless the state court action is "founded on a claim or right

17   arising under the Constitution, treaties or laws of the United States."  28 U.S.C. § 1441(b).

18       Thus, the Court will deny Richardson's request to remove to this Court the four cases

19   arising in the Superior Court of Pima County, Arizona.

20   . . . .

21   . . . .

22   . . . .

23   . . . .

24   . . . .

25   . . . .

26

27   [3]In her February 20, 2004 "First Amended Complaint," Richardson describes herself
as "SAMMYE A. RICHARDSON citizen of one of the State of the Union, specifically the

28   State of Arizona."

E.    **March 9, 2004 "Ex Parte Motion"**

On March 9, 2004, Richardson filed a document partially entitled "Ex parte motion."[4] First, because the Court is dismissing this case, this motion is moot.  Second, it appears this motion is requesting a temporary restraining order without notice.  Richardson has not complied with Rule 65(b)(2) of the Federal Rules of Civil Procedure, which requires, as a prerequisite to a temporary restraining order without notice, that she "certif[y] to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required."

F.    **Final Issues**

This case is over.  To the extent there are any motions not explicitly addressed in this Order, they are denied. The parties need not file any motions for reconsideration because the Court will not reconsider its rulings.   The parties are not permitted to file any further documents in this case other than a notice of appeal of the Court's orders.  If the parties file any further documents in this case, other than a notice of appeal, those documents will not be considered part of the record in this case and the Court will not consider them or issue rulings on them.

### Conclusion

In light of the foregoing,

**IT IS ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to comply with Rule 8(a) and (e) of the Federal Rules of Civil Procedure. The Clerk of the Court is **directed to enter judgment accordingly**.

---

[4]The full title of the motion, without alteration, is "Ex parte motion pursuant to Fed. R. 78 and [Evid. Code §§§§402, 403.] ALR 1.(6) 2.9(d) for Judicial Notice of Undisputed Facts Supported by Attached Ex.'s, Justifying Emergency Restraining Order Staying All Foreclosures Trustee Sales, Tax Sales, Rent Theft; Defamation, Interception of Sales, Harassment Inclusive of Injunctive Relief on Jewellery Box Unlawfully Held at Union Bank Back to the Richardson Family and in the Alternative a 'Stay' on Release to Third Party Pending Outcome of Evidentiary Hearing in Subject Case."

**IT IS FURTHER ORDERED** that:

1. Richardson's "Notice of Motion and Motion to Challenge Constitutionality, and Demand 'Stay' on all Jurisdictional Acts Invoking Unconstitutionality Claim" [U.S.D.C. document #33] is **DENIED AS SUPERSEDED**;

2. Richardson's January 15, 2004 "Rule 2.23 – Removal to Federal Court, with Affirmative Statement" [U.S.D.C. document #34] is **DENIED AS SUPERSEDED**;

3. Richardson's January 20, 2004 "Motion & Declaration for Leave to Amend Formal Complaint and 'Stay' all Transactions" [U.S.D.C. document #35] is **DENIED IN PART AS MOOT** as to her request for leave to amend and **DENIED** on all other grounds;

4. Richardson's "Amended Notice of Motion and Motion to Challenge Constitutionality, and Demand 'Stay' on all Jurisdictional Acts Invoking Unconstitutionality Claim" [U.S.D.C. document #36] is **DENIED AS SUPERSEDED**;

5. Richardson's January 22, 2004 "Amended Rule 2.23 – Removal to Federal Court, with Affirmative Statement" [U.S.D.C. document #37] is **DENIED**;

6. Defendant Wells Fargo Home Mortgage's motion to dismiss [U.S.D.C. document #39] is **DENIED AS MOOT**;

7. Defendants Ulan Family Limited Partnership and Malcom Ryder's motion to dismiss [U.S.D.C. document #41] is **DENIED AS MOOT**;

8. Defendants Chris Ansley, Starpass Master Homeowners Association, Desert Pass Realty, and Sharon Smith's motion to dismiss [U.S.D.C. document #42] is **DENIED AS MOOT**;

9. Defendant Bank of America, N.A.'s motion to dismiss [U.S.D.C. document #43] is **DENIED AS MOOT**;

10. Richardson's "Request for 2nd Amendment; Notice of Motion." [U.S.D.C. document #45] is **DENIED**;

11. Defendants County of Kern and Kern County Treasurer-Tax Collector's motion to dismiss [U.S.D.C. document #46] is **DENIED AS MOOT**;

12. Defendants First American Title Insurance Company and Bruce Jacobs's motion to dismiss [U.S.D.C. document #47] is **GRANTED IN PART** as to the claim that the case should be dismissed for failure to comply with Rule 8(a) and (e), and **DENIED IN PART AS MOOT** as to the remainder.

13. Defendants Pima County, the Pima County Treasurer, and the Pima County Assessor's Office's motions to dismiss [U.S.D.C. documents #50 and #108] are **DENIED AS MOOT**;

14. Defendants Gerald and Juanita Meyers and Paul S. Harter's motions to dismiss [U.S.D.C. documents #51 and #60] are **GRANTED IN PART** as to the claim that the case should be dismissed for failure to comply with Rule 8(a) and (e), and **DENIED IN PART AS MOOT** as to the remainder;

15. Defendants Gerald and Juanita Myers and Paul S. Harter's motion for protective order [U.S.D.C. document #59] is **DENIED AS MOOT**;

16. Defendants Roy H. Long Realty Company and Jameson Gray's motion to dismiss [U.S.D.C. document #61] is **DENIED AS MOOT**;

17. Richardson's March 9, 2004 "Ex parte motion" [U.S.D.C. document #63] is **DENIED**;

18. Defendant Bank of America's motion for summary disposition of its motion to dismiss based on Richardson's failure to respond to its motion to dismiss [U.S.D.C. document #64] is **DENIED AS MOOT**;

19. Defendants Fannie Mae; Wright, Finlay & Zak; Thomas Robert Finlay (aka Robert Finlay); Lance Withers, and Stockdale Realty's motion to dismiss [U.S.D.C. document #75] is **DENIED AS MOOT**;

20. Defendants First American Title Insurance Company and Bruce Jacobs' s motion for protective order [U.S.D.C. document #109] is **DENIED AS MOOT**; and

21. Defendants State of Arizona, Arizona Department of Real Estate, Arizona Department of Insurance, and Arizona Insurance Commissioner's motion to dismiss [U.S.D.C. document #120] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that any motions not explicitly addressed in this Order are **DENIED**.

**IT IS FURTHER ORDERED** that any further documents filed in this case, other than a notice of appeal, will not be considered part of the record and will not be considered, or ruled on, by the Court.  The Clerk of the Court is **DIRECTED** to place any further documents, other than a notice of appeal, **on the left-hand side of the file**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall terminate this case.

DATED this 31st day of March, 2004.

Frank R. Zapata
United States District Judge

- 10 -